M. SEAN ROYALL (*pro hac vice*)
sroyall@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

BRIAN M. LUTZ (SBN # 255976)
AVERY E. MASTERS (SBN #306703)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: 415.393.8379
Facsimile: 415.374.8474

RICHARD H. CUNNINGHAM (*pro hac vice*)
rhcunningham@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202
Telephone: 303.298.5752
Facsimile: 303.298.5907

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                 Plaintiff,<br><br>     v.<br><br>LENDINGCLUB CORPORATION,<br><br>d/b/a Lending Club,<br><br>                 Defendant. | CASE NO. 3:18-cv-02454<br><br>**JOINT RULE 26(f) REPORT & CASE MANAGEMENT STATEMENT**<br><br>Action Filed:  April 25, 2018<br><br>**Case Management Conference**<br>Date: August 2, 2018<br>Time: 1:30 p.m.<br>Courtroom:  F<br>Judge:  Jacqueline Scott Corley |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, dated August 25, 2014, the parties jointly submit this JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT ("Statement").

**1.      Jurisdiction and Service**

Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") has properly served Defendant LendingClub ("Defendant" or "LendingClub"), and the parties agree that this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), 57b, and 8404.  Defendant does not contest that venue is proper in this Court under 28 U.S.C. § 1391(b), (c)(2), and (d), and 15 U.S.C. § 53(b).

**2.      Facts**

**Plaintiff's Position**

Defendant LendingClub offers unsecured consumer loans through its website, www.lendingclub.com.  LendingClub advertises its loan offerings and handles consumer interactions during the life of the application and loan, including application processing, assessment of creditworthiness, and loan servicing.

LendingClub lures prospective borrowers by promising "no hidden fees," but when the loan funds arrive in consumers' bank accounts, they are hundreds or even thousands of dollars short of consumers' expectations due to a hidden up-front fee that LendingClub deducts from consumers' loan proceeds.  LendingClub is persisting in this conduct despite tens of thousands of complaints as well as warnings from its own compliance department that LendingClub's concealment of the up-front fee is "likely to mislead the consumer."  LendingClub also has misled consumers about whether their loan applications have been approved, stringing consumers along by, for example, telling consumers, "Hooray! Investors Have Backed Your Loan!" when LendingClub knew many such consumers would never receive a loan.  Based on these misrepresentations, consumers believed that LendingClub's funds were forthcoming, and did not apply for credit with LendingClub's competitors. And with numerous consumers who have received a loan, LendingClub has withdrawn double payments from consumers' accounts and continued to charge consumers who cancelled automatic

payments or even paid off their loans entirely, costing consumers overdraft fees and preventing them from making other payments. In addition, LendingClub failed to provide consumers with clear and conspicuous privacy notices.

**Defendant's Position**

LendingClub operates an online platform that connects borrowers to investors. Through the platform, consumers may apply for and obtain personal loans that are underwritten and issued by third-party banks. LendingClub's platform also facilitates investment in interests in the loans by retail and institutional investors. This innovative peer-to-peer funding method provides a lower-cost, convenient alternative to traditional sources of personal loans. Many consumers use LendingClub loans to re-finance and pay off credit card debt at much lower rates.

As with many other types of loans (including student loans offered by the U.S. government), loans available through LendingClub have an up-front origination fee. Count I of the Complaint alleges that this fee is "hidden." However, pled and judicially noticeable facts show that LendingClub discloses the fee in clear, easily readable language at numerous logical locations:

- On an unavoidable Truth-in-Lending-Act ("TILA") statement presented during LendingClub's application process. The TILA statement follows a model promulgated by the Consumer Financial Protection Bureau ("CFPB") and discloses the origination fee in multiple ways, including as part of the annual percentage rate ("APR") and in a separate, detailed line-item breakdown of the fee and the amount disbursed.
- Through a "tooltip"—a bolded green circle with a question mark inside—presented immediately next to the APR on the "Loan Offers" page in LendingClub's application.
- On a "Rates & Fees" page on LendingClub's website. This page uses illustrations to explain the interest rate, origination fees, and other key loan terms.

These disclosures provide borrowers with ample notice of the fee, particularly when considered in combination with one another.

Count II challenges an email LendingClub sent for only two short periods in 2015 before voluntarily discontinuing use of the email.

Count III alleges that LendingClub's policies and practices with regard to automated account withdrawals are unfair. But LendingClub maintains rigorous, reasonable practices—including audits and internal cross-checks—to avoid making erroneous withdrawals from borrower's bank accounts.

Erroneous withdrawals caused by inadvertent LendingClub errors occur extremely infrequently and are addressed quickly. There is nothing unfair about LendingClub's automated withdrawal practices.

Count IV acknowledges that, since 2016, LendingClub has disseminated its Privacy Policy in a compliant manner. Even before 2016, LendingClub disseminated its policy as part of its Terms of Service, a practice that comports with a good-faith interpretation of the FTC's guidance in this area.

### 3.      Legal Issues

**<u>Plaintiff's Position</u>**

For Counts I and II, the FTC alleges that LendingClub (i) made representations to consumers about hidden fees and loan approval that were (ii) false and (iii) material, which constitutes an unlawful deceptive practice under Section 5 of the FTC Act, 15 U.S.C. § 45. Where, as here, the representation is express, materiality is presumed. For Count III, the FTC alleges that LendingClub's unauthorized withdrawals from consumers' bank accounts (i) caused consumers substantial injury (ii) that consumers could not reasonably avoid, and (iii) that is not outweighed by countervailing benefits to consumers or competition, which constitutes an unlawful unfair practice under Section 5. For Count IV, the FTC alleges that LendingClub (i) is a financial institution that (ii) collects nonpublic personal information and (iii) failed to provide initial privacy notices to consumers so that each consumer can reasonably be expected to receive actual notice, which constitutes a violation of the Privacy of Consumer Financial Information Rule, 16 C.F.R. Part 313, recodified at 12 C.F.R. § 1016 (Reg. P).

**<u>Defendant's Position</u>**

LendingClub contends that the facts pled in the Complaint fail to state violations of the FTC Act as a matter of law. *See* Dkt. No. 23. Specifically, Count I should be dismissed because (a) the facts, as alleged, demonstrate that LendingClub has not "hidden" the origination fee as a matter of law; and (b) the FTC's Complaint is precluded by LendingClub's full compliance with federal truth-in-lending law, including providing information regarding the origination fee in a TILA statement that follows a model published by the CFPB. Counts II and IV are moot because the challenged conduct ceased long ago and is unlikely to recur. Hence, the FTC cannot plead either statutory authority to pursue the claims or entitlement to injunctive relief. Count III should be dismissed

because the Complaint's allegation that LendingClub has erroneously withdrawn loan payments from "numerous" unspecified borrowers fails to plausibly plead an unfair practice, substantial injury to consumers, or injurious net effects, as required for a cognizable Section 5 unfairness claim.

If the Court permits one or more of the counts in the Complaint to proceed, LendingClub anticipates presenting factual evidence showing that it does not "hide" the origination fee, that its communications do not (and did not) harm loan applicants or borrowers, and that its processes and procedures relating to bank account withdrawals and privacy policy dissemination are entirely reasonable and compliant.

**4.     Motions**

Current Motions:  On June 18, 2018, LendingClub filed a motion to dismiss the Complaint in its entirety (Dkt No. 23), along with an accompanying request for judicial notice in support of the motion to dismiss (Dkt No. 24).  The FTC filed its Opposition to the motion to dismiss and response to the request for judicial notice on July 18, 2018 (Dkt Nos. 30 and 31).  LendingClub replied on August 1, 2018.  The hearing on these motions took place on September 13, 2018.

**5.     Amendment of Pleadings**

At this time, the parties do not plan to further amend their pleadings.  The parties have proposed a schedule in Paragraph 17 below with a deadline to amend the pleadings.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) and ESI Guideline 2.02 regarding the preservation of evidence relevant to the issues in this case.  The parties are committed to cooperating with the production of ESI in the most efficient and least burdensome manner as the nature and scope of such productions becomes better defined.

**7.     Disclosures**

The parties exchanged initial disclosures as required by Fed. R. Civ. P. 26(a)(1) on July 19, 2018.

## 8. Discovery

### A. Status of Discovery

**Plaintiff's Position**

During its initial investigation, the FTC issued civil investigative demands to LendingClub and to one of its partner banks, WebBank. The FTC anticipates that its discovery requests in litigation will include third-party discovery of LendingClub's auditors, investors, partner banks, and former employees, as well as document requests, interrogatories, and depositions of LendingClub, including depositions of key employees and a deposition of the company under Fed. R. Civ. P. 30(b)(6). The FTC anticipates retaining one or more reporting experts.

**Defendant's Position**

This litigation follows an FTC investigation of LendingClub relating to the allegations in the Complaint. The FTC previously served LendingClub a Civil Investigative Demand ("CID") that included 26 document requests and 29 interrogatories. LendingClub responded fully to this CID (as negotiated). The FTC then sent LendingClub an additional "Data Request from FTC to Lending Club" that included nine additional requests. LendingClub voluntarily responded to these subsequent requests. In light of the exhaustive discovery that has already occurred, LendingClub believes that the presumptive limits of fact discovery in the Federal Rules are sufficient in this case, except where otherwise agreed by the parties below.

LendingClub anticipates that discovery will encompass relevant and non-duplicative information and documents in the company's possession, and information and documents in the possession of the FTC, including materials relating to the FTC's communications with third parties.

LendingClub anticipates presenting evidence from multiple expert witnesses.

### B. Production of Documents and ESI

The parties have agreed to attempt to negotiate and jointly propose a stipulated e-discovery order consistent with the Court's ESI Guidelines. The parties will meet and confer about the methods to search ESI in order to identify ESI that is subject to production. Documents previously produced by LendingClub need not be reproduced, unless reproduction is necessary for readability, and

previously produced documents will be treated as produced during the litigation for all evidentiary purposes.

### C. Protective Order

The parties filed a stipulated protective order for the Court's approval on September 6, 2018. The Court entered that order on September 7, 2018. *See* Dkt. No. 44.

### D. Proposed Discovery Plan

#### i. Party Discovery

##### a. Written Discovery

The parties agree to the presumptive limits on written discovery set forth in the Federal Rules of Civil Procedure.

##### b. Depositions

The parties agree that each party may take a total of up to 12 depositions in this matter, inclusive of non-party witnesses, but exclusive of expert depositions and any deposition of witnesses designated under Fed. R. Civ. P. 30(b)(6).

The parties agree that each party may take a total of 17.5 hours of deposition under Fed. R. Civ. P. 30(b)(6).

#### ii. Non-Party Discovery

Parties shall request that non-parties simultaneously produce materials to both Plaintiff and Defendant, regardless of which party sought the materials. If, notwithstanding such request, the non-party does not produce copies to both sides, the issuing party will provide a copy of all materials produced to the other side within fourteen calendar days after receipt of the materials from the non-party.

### E. Discovery of Expert Related Materials

No party is required to preserve or produce in discovery the following documents:

1) any form of oral or written communications or correspondence between (a) the FTC, including its Commissioners, counsel, staff, employees, and agents and the FTC's expert witnesses and expert witnesses' staff; (b) LendingClub's outside counsel, in-house counsel, employees, contractors, and agents and LendingClub's expert

       witnesses and expert witnesses' staff; (c) the expert witnesses and their respective staff; and (d) expert witnesses and other expert witnesses; and,

    2) notes, drafts, written communications, data formulations or runs, or any database-related operations or other types of preliminary work created by, or for, expert witnesses or their staff.

However, the protections against discovery contained in this paragraph shall not apply to any information or materials within Federal Rule of Civil Procedure 26(b)(4)(C), nor shall this paragraph apply to any non-reporting expert witness designated under Federal Rule of Civil Procedure 26(a)(2)(C).

**9.    Class Actions**

This case is not a class action.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

**Plaintiff's Position**

The FTC is seeking an injunction that would enjoin LendingClub from further violations of Section 5 of the FTC Act and the Privacy of Consumer Financial Information Rule ("Privacy Rule"), 16 C.F.R. Part 313, recodified at 12 C.F.R. § 1016 ("Reg. P"), as well as related equitable relief that may include, for example, requiring LendingClub to make disclosures curing its misrepresentations. In addition, as stated in the complaint, the FTC is seeking equitable monetary relief (such as rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies) for LendingClub's violation of Section 5 charged in Count I.  This may include, for example, the total amount of harm to all deceived consumers, including the amount of the hidden up-front fee and any interest charged on that fee for each such consumer.  The FTC may also seek the costs of bringing this action.

**Defendant's Position**

As described above, LendingClub believes that the FTC's Complaint fails as a matter of law to plead a claim on which relief may be granted, and therefore should be dismissed.

LendingClub further believes that if discovery proceeds, the record will show that all four counts in the FTC's Complaint are unfounded factually, and that no relief is appropriate in this case.

In addition, LendingClub disputes that the amount of the origination fee is an appropriate measure of the consumer injury, even presuming that the fee was "hidden," as the FTC alleges. The FTC's Complaint acknowledges that, in addition to the standalone disclosure of the origination fee in the TILA statement, LendingClub accurately disclosed the annual percentage rate ("APR") to all consumers, and that the APR included the origination fee. Because APR is an FTC- and CFPB-endorsed measure of the total cost of credit, the Complaint acknowledges that all consumers were fully informed that the cost of their loan included the amount of the origination fee.

Monetary relief is inappropriate with regard to Count III because LendingClub had reasonable policies and practices in place for providing refunds in the rare instances that the company inadvertently made unauthorized withdrawals.

Finally, with respect to Counts II and IV, injunctive relief is unavailable because the FTC's allegations relate only to past practices with no likelihood of recurrence. Equitable monetary relief (restitution, refunds, disgorgement, etc.) is inapplicable to these counts because the Complaint includes no allegations supporting any such relief.

**12.   Settlement and ADR**

Pursuant to ADR Local Rule 3-5, the parties have reviewed the ADR Handbook and discussed it with their counsel. The parties have previously engaged in settlement discussions prior to the commencement of this action and have stipulated to a settlement conference with a Magistrate Judge, pursuant to ADR Local Rule 7. The settlement conference is currently scheduled for September 25, 2018 before Magistrate Judge Donna Ryu.

**13.   Consent to Magistrate Judge for All Purposes**

Both parties have consented to proceed before a Magistrate Judge for all purposes.

**14.   Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

The parties do not believe that it is possible to narrow the issues at this time.  The parties will continue to consider the possibility of narrowing the issues and, concomitantly, the scope of discovery.

**16.   Expedited Trial Procedure**

The parties do not believe this case should be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.   Scheduling**

The parties have met and conferred about a pretrial schedule and propose that discovery be opened immediately as to interrogatories and requests for production of documents, with deposition, third-party, and all other discovery to commence on March 8, 2019, and all fact discovery to close on September 20, 2019.  As to the discovery requests previously served by Plaintiff on August 1 that were stayed by the Court, the parties agree that LendingClub will provide responses and objections by October 20, 2018.  The parties propose that the deadline to amend the pleadings be set for January 19, 2019.

With regard to expert discovery, the parties propose that affirmative expert reports be disclosed on October 4, 2019, with rebuttal expert reports disclosed on November 15, 2019, and all expert discovery to close on December 18, 2019.  The parties propose that motions for summary judgment be due on February 19, 2020, with a trial date to be set at the court's convenience thereafter.

The parties agree that they have the right, for good cause, to request modifications of the foregoing schedule.

**18.   Trial**

The trial in this case will be a bench trial.  The parties submit that all evidence should be received subject to the Federal Rules of Evidence and relevant case law regarding, in particular, expert witness testimony.  While it is difficult to accurately estimate the length of the trial at this early stage, the FTC expects the trial to last 10 court days and LendingClub expects the trial to last 15 court days.

**19. Disclosure of Non-Party Interested Entities or Persons**

On June 29, 2018, LendingClub filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15 (Dkt. 27). Civil Local Rule 3-15 does not apply to the FTC, as it is a government agency.

**20. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Nationwide Service of Trial Subpoenas**

Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties are permitted, pursuant to 15 U.S.C. § 53(b), to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness that is otherwise "unavailable" for purposes of Fed. R. Civ. P. 32 and Fed. R. Evid. 804, available under those rules.

**22. Such other matters as may facilitate the just, speedy, and inexpensive disposition of this matter**

To minimize expense, and pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties have agreed to accept electronic service of notices and other papers in this action.

DATED: September 20, 2018                Respectfully submitted,


By: */s/ M. Sean Royall*


M. SEAN ROYALL (*pro hac vice*)
BETTY X. YANG (*pro hac vice*)
BRETT S. ROSENTHAL (*pro hac vice*)
sroyall@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

BRIAN M. LUTZ (SBN # 255976)
blutz@gibsondunn.com
AVERY E. MASTERS (SBN # 306703)
amasters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: 415.393.8379
Facsimile: 415.374.8474

RICHARD H. CUNNINGHAM (*pro hac vice*)
rhcunningham@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202
Telephone: 303.298.5752
Facsimile: 303.298.5907

*Attorneys for Defendant*


By:  */s/ Katharine Roller*

ALDEN F. ABBOTT
General Counsel
KATHARINE ROLLER
MATTHEW WILSHIRE (CA Bar No. 224328)
DAVID LINCICUM
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3582
Facsimile: (202) 326-3768
Email: kroller@ftc.gov; mwilshire@ftc.gov;
   dlincicum@ftc.gov

*Attorneys for Plaintiff*

**ECF ATTESTATION**

I, M. Sean Royall, hereby attest that concurrence in the filing of this document has been obtained from the other signatories, and that this document was served by electronic filing on September 20, 2018, on all counsel of record.

By: */s/ M. Sean Royall*

M. Sean Royall