M. SEAN ROYALL (*pro hac vice*)
sroyall@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

BRIAN M. LUTZ (SBN # 255976)
AVERY E. MASTERS (SBN #306703)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8379
Facsimile: 415.374.8474

RICHARD H. CUNNINGHAM (*pro hac vice*)
rhcunningham@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202
Telephone: 303.298.5752
Facsimile: 303.298.5907

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. 3:18-cv-02454-JSC |
| Plaintiff, | **[~~PROPOSED~~] STIPULATED ORDER GOVERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION** |
| v. | |
| LENDINGCLUB CORPORATION, | Action Filed: April 25, 2018 |
| d/b/a Lending Club, | |
| Defendant. | |

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the

Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received after January 1, 2013 will be preserved, with the exception that documents relevant to LendingClub's determination to use the "No Hidden Fees" representation and the origination fee disclosure structure that is challenged in the First Amended Complaint (Dkt. No. 57) shall be preserved if created or received after January 1, 2011;

b) The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager."  The parties shall add or remove custodians as reasonably necessary;

c)  The parties have agreed that ESI will be preserved and produced for 15 custodians per party, with the exceptions that:

i.      documents relevant to LendingClub's determination to use the "No Hidden Fees" representation and the origination fee disclosure structure described above in Section 4(a) shall be preserved and may be produced (pending further negotiations between the parties) irrespective of the 15-custodian limitation;

ii.     LendingClub's Compliance personnel's correspondence with WebBank that is related to the conduct challenged in the First Amended Complaint (Dkt. No. 57) and identifiable based on a reasonable search shall be preserved and produced irrespective of the 15-custodian limitation

iii.     consumer inquiries regarding the conduct challenged in the First Amended Complaint shall be preserved and may be produced (pending further negotiations between the parties) irrespective of the 15-custodian limitation;

d)   These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), and ESI from these sources will not be preserved, searched, reviewed, or produced:

      i.     Text messages and instant messages that are not retained in the ordinary course of business, except messages stored on LendingClub custodians' LendingClub-provided mobile phones;

      ii.     voicemail messages, except where they are contained within the party's email systems;

      iii.     e-mail or other electronic messages sent to or from a mobile device (e.g., Blackberry or iPhone), provided that a copy of such e-mail or message is routinely saved and preserved elsewhere;

      iv.     other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved and preserved elsewhere;

      v.     temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located;

      vi.     server, system, or network logs;

      vii.     random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the normal functionality of the operating system and/or applications present on a device;

      viii.     data that are duplicative of data that are more accessible elsewhere, e.g., back-up data; and

      ix.     documents sent solely between counsel for LendingClub (including paralegals and/or administrative personnel for such counsel) or solely between counsel for the FTC (or persons employed by the FTC).

The parties agree that they may subsequently identify additional types of ESI that need not be preserved, logged, or produced.

e)   Recognizing that the obligation to preserve materials is not necessarily identical to and coextensive with the obligation to produce materials in discovery, the parties agree that any agreement or commitment to preserve materials by any party does not constitute that party's admission that such materials are properly discoverable or will be produced in discovery.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in PDF, TIFF, and/or native file formats. Where TIFF or PDF files are produced, the parties agree to produce metadata with extracted text. For materials available only in "hard" format—e.g., on paper—the parties agree to produce in a PDF format or as single-page TIFF files with metadata and extracted, searchable text. All documents produced in TIFF format should also be included in an OPT file. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

The parties agree to permit de-duplication of identical files and to use email threading functionality as part of production.

LendingClub need not re-produce to the FTC in discovery documents that LendingClub previously produced in the context of responding to the Federal Trade Commission's ("FTC") Civil Investigative Demands ("CIDs") in connection with the FTC's investigation leading to this action, except where necessary for legibility.

**7. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree, if appropriate to discuss phasing the production of ESI.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties shall take reasonable steps to prevent the disclosure of privileged or

work product material (together, "protected" material).  In the event of such disclosure, the parties shall follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) and herein for materials produced in discovery in this action by both parties and nonparties.

c) If a receiving party discovers material produced to it by a party or nonparty in this action that the receiving party reasonably believes to be protected material, the receiving party shall promptly notify the producing party in writing.

d) If the parties disagree about the applicability of any asserted privilege or other protection for material that the producing party contends is protected material and should not have been disclosed, the parties shall promptly meet and confer to resolve the issue.  If the parties cannot resolve the issue, the party that received the material shall have the obligation to raise that dispute to the court and shall exercise reasonable diligence in doing so.

e) Communications solely between counsel for LendingClub (including paralegals and administrative personnel for such counsel) or solely between FTC attorneys (including FTC paralegals, investigators, and administrative personnel) need not be preserved, produced, or placed on a privilege log. Communications consisting of protected material that were sent or received after the date of filing of this litigation need not be preserved, produced, or placed on a privilege log. Communications between counsel for LendingClub and LendingClub employees related to the FTC's investigation of LendingClub ("Investigation") and/or this litigation may be identified on a privilege log by category, rather than individually logged.  The categorical logging of such communications shall be sufficiently detailed to convey the identities of the parties exchanging such communications, e.g., "Emails related to the Investigation exchanged between LendingClub counsel and [Name of Employee]."

## 9.  MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: March 25, 2019               /s/ *Katharine Roller*
                              _____
                              Counsel for Plaintiff Federal Trade Commission

Dated: March 25, 2019               /s/ *M. Sean Royall*
                              _____
                              Counsel for Defendant LendingClub

1

2

3          **IT IS ORDERED** that the foregoing Agreement is approved.

4

Dated:  March 27, 2019

5          _____

6                  UNITED STATES MAGISTRATE JUDGE

7                  Judge Jacqueline Scott Corley

8

GRANTED

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28