ALDEN F. ABBOTT
General Counsel
KATHARINE ROLLER
MATTHEW WILSHIRE (CA Bar No. 224328)
LEAH FRAZIER
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C.  20580
Phone:  (312) 980-5605
Facsimile:  (415) 848-5184
Email:  kroller@ftc.gov; mwilshire@ftc.gov;
lfrazier@ftc.gov
*Attorneys for Plaintiff Federal Trade Commission*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>LENDINGCLUB CORPORATION,<br><br>d/b/a Lending Club,<br><br>    Defendant. | **Case No. 3:18-cv-02454**<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Federal Trade Commission ("FTC" or "the Commission") and Defendant

LendingClub Corporation ("LendingClub") hereby stipulate as follows:

1.     Sarah Kerman is a paralegal employed by the FTC.  Pursuant to her employment

as an FTC paralegal, she works on the above-captioned litigation under the direction of the

FTC's trial counsel.

2.     Patrick Eagan-Van Meter was formerly employed by the FTC as a paralegal and

then a program specialist, which was a role similar to that of a paralegal.  Pursuant to this

employment, he worked on the FTC's investigation of LendingClub that resulted in the above-

captioned litigation and he worked on the litigation itself.  He did so under the direction of the FTC's trial counsel in this case.

3.      Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), the FTC designated Ms. Kerman and Mr. Eagan-Van Meter as individuals likely to have discoverable information that the FTC may use to support its claims.

4.      The subject matter of discoverable information for which the FTC designated Ms. Kerman was (1) her role as the "FTC's custodian of records for this matter," and (2) "information relating to screenshots of Defendant's website captured by the FTC in June and July 2018 reflecting the paths by which consumers could reach the Rates and Fees page from Defendant's homepage and the appearance of various pages of Defendant's website at that time."

5.      The subject matter of discoverable information for which the FTC designated Mr. Eagan-Van Meter was "information relating to screenshots of Defendant's website captured by the FTC in December 2016 and April 2018 reflecting the paths by which consumers could reach the Rates and Fees page from Defendant's homepage and the appearance of various pages of Defendant's website at that time."

6.      The FTC has produced various non-privileged email communications between Ms. Kerman and a LendingClub consumer about that consumer's interactions with LendingClub. *See, e.g.*, FTC-LC-00000755; FTC-LC-00000677.

7.      The FTC has produced various non-privileged email communications between Mr. Eagan-Van Meter and LendingClub consumers about consumers' interactions with LendingClub. *See, e.g.*, FTC-LC-00000502; FTC-LC-00000557.  The FTC has also produced non-privileged correspondences between Mr. Eagan-Van Meter and other law enforcement agencies about LendingClub. *See, e.g.*, FTC-LC-00048491.

8.      The FTC and LendingClub agree that LendingClub may depose Ms. Kerman and Mr. Eagan-Van Meter, but LendingClub agrees to not seek information about other matters not involving LendingClub or about internal FTC communications or other communications the FTC has designated as or contends are privileged.

IT IS STIPULATED THROUGH COUNSEL OF RECORD.


DATED:  November 4, 2019                           /s/Katharine Roller
                                                   Attorney for Plaintiff


DATED:  November 4, 2019                           /s/Elizabeth P. Papez
                                                   Attorney for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: ___November 5, 2019___

                                                   Hon. Jacqueline Scott Corley
                                                   United States Magistrate Judge

STIPULATED PROTECTIVE ORDER                              Case No. 3:18-cv-02454-JSC

3