ALDEN F. ABBOTT
General Counsel
KATHARINE ROLLER
MATTHEW WILSHIRE (CA Bar No. 224328)
LEAH FRAZIER
JASON SCHALL
HELEN CLARK
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C.  20580
Phone:  (312) 980-5605
Facsimile:  (415) 848-5184
Email:  kroller@ftc.gov; mwilshire@ftc.gov;
lfrazier@ftc.gov; jschall@ftc.gov; hclark@ftc.gov
*Attorneys for Plaintiff Federal Trade Commission*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>LENDINGCLUB CORPORATION,<br><br>d/b/a Lending Club,<br><br>        Defendant. | **Case No. 3:18-cv-02454**<br><br>**PLAINTIFF'S RULE 12(c)**<br>**MOTION FOR PARTIAL**<br>**JUDGMENT ON THE**<br>**PLEADINGS**<br><br>Hearing:<br><br>Date: April 27, 2020<br>Time: 9:00 a.m.<br>Courtroom: F<br>Judge: Hon. Jacqueline Scott Corley |

Plaintiff Federal Trade Commission ("FTC") moves, pursuant to Rule 12(c), for judgment on the pleadings as to the first, third, fourth, fifth, sixth, seventh, and ninth affirmative defenses of Defendant LendingClub Corporation ("Defendant") and sets the motion for hearing for April 27, 2020 at 9:00 am.[1]

The FTC requests that the Court grant the attached proposed order and grant the FTC judgment on the pleadings on each of the aforementioned affirmative defenses.  Several of these defenses have been improperly replead after the Court ruled upon them, many are mere rebuttals of the FTC's case in chief, and each is insufficient on its face.

## LEGAL STANDARD

 "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "'A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).

## ARGUMENT

### I.   The Court Should Grant Judgment As To Previously Rejected Defenses

Defendant's **Fifth Affirmative Defense**, that it acted reasonably and in good faith, should not be considered because the Court already struck it with prejudice.  (Dkt. 80 at 10-11.)

Defendant improperly re-pled this defense without leave of court, and its modified formulation is still immaterial.  Defendant first averred in its original answer that the FTC "was

---

[1] The FTC does not presently move on Defendant's second affirmative defense regarding purported TILA compliance, because the Court previously ruled that "compliance with TILA [does] not preclude liability under Section 5(a) of the FTC Act as a matter of law" and that "the FTC will have no burden to address this defense unless and until it is raised by LendingClub." Dkt. 80 at 7.  Defendant's eighth affirmative defense is that injunctive relief is moot because violations are not likely to recur.  The FTC counters this defense in its summary judgment briefing, by showing that injunctive relief against Defendant is necessary in light of the record.

not entitled to any monetary relief whatsoever" because Defendant acted in good faith (Dkt. 58 at 41), and the Court struck the defense with prejudice.  (Dkt. 80 at 10-11.)  Now, in its amended answer, Defendant raises the same good faith defense, this time concluding with a plea that the FTC is not entitled to injunctive relief or other forms of equitable relief.  For reasons previously briefed, "good faith" is not a defense to an FTC Act, however styled.[2]

Even if, *arguendo*, this were a new affirmative defense not subject to the Court's prior order striking it with prejudice, it is improperly raised in the Defendant's amended answer because it does not respond to anything in the FTC's amended complaint.[3]  In any event, the FTC sets forth in its summary judgment briefing the basis for its request for injunctive and other equitable relief, and Defendant may rebut that request and advance any "good faith" arguments in that context.  This "affirmative" defense, therefore, is actually a negative one, which should be rejected.  *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (striking defenses that are merely rebuttal against the evidence presented by the plaintiff) (cited in Dkt. 80 at 4).

---

[2] Although the issue was previously decided, the FTC incorporates by reference Section IV.D of its Motion to Strike Affirmative Defenses and Section III.C of its Reply In Support of Motion To Strike Affirmative Defenses.  (Dkt. Nos. 62 & 71.)

[3] "'[A]bsent leave of court, a previously unasserted defense may be alleged in an answer to an amended complaint only when the amended complaint changes the theory or scope of the case and the newly asserted defense responds to the changes in the amended complaint.'" *Composite Res., Inc. v. Recon Med., LLC*, No. 217CV01755MMDVCF, 2018 WL 5886530, at *2 (D. Nev. Nov. 9, 2018) (quoting *Learning Internet v. Learn.Com, Inc.*, No. CV 07-227-AC, 2008 WL 2037282, at *7 (D. Or. May 6, 2008)); *see also, e.g., Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923 MMC, 2007 WL 420184, at *2 (N.D. Cal. Feb. 6, 2007) ("[T]he Court held that, absent leave of court, a previously unasserted defense may be alleged in an answer to an amended complaint only when the amended complaint changes the theory or scope of the case and the newly asserted defense responds to the changes in the amended complaint.").  The FTC's amended complaint added additional facts to support Count II and Count III, with no changes to the theories behind those counts and no changes at all to Counts I and IV.  (Dkt. 57-1.)   But Defendant's new good faith defense covers the conduct alleged in Counts I, III, and IV, two of which were not modified at all, and the other of which was merely given additional detail.  Defendant cannot claim that its new, second good faith defense responds to changes in the FTC's amended complaint.

Defendant's **First Affirmative Defense** with respect to Count I, "constitutionally adequate notice," was also improperly pleaded.  Opposing the FTC's motion to strike affirmative defenses, Defendant represented to the Court that this defense "relates to Count III." (Dkt. No. 65 at 19.)  The Court accordingly found that Defendant "was bringing this defense only as applied to Count III" and granted Defendant leave to amend on that basis. (Dkt. No. 80, at 4 n.4, 5.)  But Defendant re-pled this defense to apply to Count I as well (Dkt No. 81 at 40), even though the FTC's amended complaint made no changes to Count I, thereby (again) improperly pleading a new affirmative defense without leave of court.  *See note* 2, *supra*.

## II.    The Remaining Affirmative Defenses Lack Merit as a Matter of Law.

### A.    Defendant Had Fair Notice Of That The FTC Act Prohibits Deceptive And Unfair Acts And Practices, Including Those Challenged Here

The fair notice defense also fails on the merits. Defendant's first affirmative defense alleges that the FTC failed to provide Defendant with "constitutionally adequate notice" that Section 5 "could reach the conduct challenged in those counts [I and III]." (Dkt. 81 at 40.)  But existing case law makes their violations clear.

No matter how this rambling affirmative defense is interpreted, it is improper.

If Defendant is arguing that it did not, in fact, promise a certain loan amount and then charge a hidden fee as alleged in Count I, or did not, in fact, charge consumers' bank accounts without authorization as alleged in Count III, or that its conduct does not meet the legal elements of those claims, then, again, Defendant is merely contesting the FTC's claim in a matter that can be resolved in the parties' dispositive motion briefing.  *Cf. Barnes*, 718 F. Supp. 2d at 1173; Dkt. 80 at 4.

If Defendant is arguing that it could not have known that the practice alleged in Count I—promising a certain loan amount but then charging a hidden fee—is deceptive under the FTC Act, the defense is not plausible.  The FTC Act itself and the past century of law implementing it give Defendant adequate notice that its conduct violated the law.  With respect to deception, the Ninth Circuit has held that "deceptive act or practice . . . has an established meaning" in the

context of the FTC Act.[4]  Although not necessary to defeat the "fair notice" defense, the FTC has

previously brought many cases where, as here, the Defendant charged a hidden fee in connection

with a product or service.[5]

It is likewise not plausible for Defendant to argue that it could not have known that

charging consumers' bank accounts without authorization is an unfair practice under the FTC

Act, as alleged in Count III.  The unfairness standard (like the deception test) under the FTC Act

is well-settled.  In rejecting a similar "fair notice" defense regarding unfairness, a sister court in

this circuit noted, "The FTCA is now more than a century old and Courts have given shape to the

meaning of its ban on unfair or deceptive acts or practices."  *CFPB v. D & D Mktg.*, No. CV 15-

9692 PSG (EX), 2016 WL 8849698, at *6 (C.D. Cal. Nov. 17, 2016); *FTC v. Wyndham

Worldwide Corp.*, 799 F.3d 236, 255 (3d Cir. 2015).  And, again, although it is not necessary for

the FTC to have previously brought unfairness claims in the specific context of unauthorized

charges, it has.  *See*, *e.g.*, *FTC v. Neovi, Inc.*, 604 F.3d 1150 (9th Cir. 2010); *FTC v. Direct

Benefits Grp., LLC*, No. 6:11-CV-1186-ORL-28, 2013 WL 3771322, at *14 (M.D. Fla. July 18,

2013).

Finally, to the extent Defendant argues that it is entitled to notice of the FTC's

interpretation of the FTC Act in litigation, there is no case law requiring such notice.  Because

this case involves "ordinary judicial interpretation of a civil statute," and does not raise questions

as to whether the FTC should be afforded deference, it is irrelevant whether the FTC provided

---

[4] *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1193 n.7 (9th Cir. 2016); *see also FTC v. Johnson*, 96 F. Supp. 3d 1110, 1142 (D. Nev. 2015) ("There is extensive case law and guidance on what constitutes a deceptive act or practice under Section 5(a)."); *FTC v. Commerce Planet*, *Inc.,* 878 F. Supp. 2d 1048, 1083 (C.D. Cal. 2012) (Section 5 deception test "draws on well-established principles of advertising law and common sense.").

[5] *See*, *e.g.*, *FTC v. AMG Servs., Inc.*, 29 F. Supp. 3d 1338 (D. Nev. 2014), *aff'd,* 910 F.3d 417 (9th Cir. 2018); *FTC v. Cyberspace.com LLC*, 453 F.3d 1196 (9th Cir. 2006); *FTC v. EDebitPay, LLC*, 695 F.3d 938 (9th Cir. 2012); *FTC v. Commerce Planet, Inc.*, No. SACV 09-01324CJC(RNBx), 2010 WL 11673796, at *2 (C.D. Cal. Feb. 12, 2010); *FTC v. Millennium Telecard, Inc.*, No. CIV.A. 11-2479 JLL, 2011 WL 2745963 (D.N.J. July 12, 2011); *FTC v. Grant Connect, LLC*, No. 2:09-CV-01349-PMP-RJ, 2009 WL 3074346 (D. Nev. Sept. 22, 2009); *FTC v. Citigroup, Inc.*, 239 F. Supp. 2d 1302, 1307 (N.D. Ga. 2001).

Defendant with notice of the FTC's straightforward application of Section 5. *Wyndham*, 799 F.3d at 256 ("Fair notice is satisfied here as long as the company can reasonably foresee that a court could construe its conduct as falling within the meaning of the statute"); *CFPB v. Navient Corp.*, 2017 WL 3380530, at \*8 (M.D. Pa. Aug. 4, 2017).  Where an agency's interpretation of the law is expressed in civil litigation, where the court is the arbiter, a defendant only is entitled to "fair notice of what the statute itself requires." *Wyndham*, 799 F.3d at 254.

### B.  Defendant has not Pleaded the Required Elements to Estop the Government.

Defendants' invocation of equitable estoppel in its **Third Affirmative Defense** fails as a matter of law because Defendant did not plead the requisite elements and bases its defense on allegations that cannot satisfy these elements.

As the Supreme Court has recognized, "[I]t is well settled that the Government may not be estopped on the same terms as any other litigant."  *Heckler v. Community Health Servs.*, 467 U.S. 51, 61 (1984).  The Court left open the question of whether estoppel against the government in a law enforcement action is *per se* barred.  *Id.* at 60-61.  But there is no dispute that if an equitable estoppel defense does exist against the government, defendants must prove the traditional elements of estoppel that apply to private litigants *plus* additional elements applicable when a party seeks to preclude the government from enforcing the law.  *Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011).

The traditional elements of equitable estoppel are: "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury."  *Id.* (quoting *Morgan v. Gonzales,* 495 F.3d 1084, 1092 (9th Cir. 2007)).  "Additionally, a party asserting equitable estoppel against the government must also establish that (1) the government engaged in affirmative misconduct going beyond mere negligence; (2) the government's wrongful acts will cause a serious injustice; and (3) the public's interest will not suffer undue damage by imposition

of estoppel." *Baccei v. United States*, 632 F.3d at 1147.[6]

The FTC is entitled to judgment on the pleadings on this defense because Defendant alleged only the four traditional elements of estoppel, and not the additional three that apply when the defense is asserted against the government.  (Dkt. 81 at 45.)

Not only does Defendant fail to list those other three elements, but its lengthy narrative does not set forth allegations that could support any of them.  The government conduct Defendant appears to challenge is general business guidance on disclosures and TILA and the CFPB's silence on Defendant's loan application flow.  The only statements Defendants identify are (1) "CFPB-promulgated model forms" – which LendingClub did not even adhere to (*Compare* Dkt. 81 at 7 *with* 12 C.F.R. § 1026 App'x H-3); (2) "[T]he CFPB's and/or FTC's endorsement of APR and finance charge disclosures"; and (3) "the CFPB's comments and interactions with the company during LendingClub's participation in the CFPB's 'Trial Disclosure Program,' where it had discussions with the CFPB staff in an effort to improve the ease of use of its disclosure of consumer credit terms." (Dkt. 81 at 45.)

Particularly fatal to this defense is that Defendant does not allege (nor could it ever prove) that the FTC or CFPB stated that its loan flow was not deceptive.  It argues only that the the FTC and CFPB never previously challenged it.[7]  But none of this is "affirmative" misconduct: it is not affirmative misconduct for a government agency to issue model forms; endorse APR and finance charge disclosures; or interact with a lender during a trial disclosure program in an effort to improve the disclosure of credit terms. Defendants does not allege any deliberate lie or pattern of false promises, and silence on the part of the government does not amount to affirmative misconduct.  *United States v. Bundy*, 2018 WL 3390182, at *5 (D. Nev.

---

[6] This heightened bar for estoppel against the government is exceedingly high:  the Ninth Circuit has rejected allegations of affirmative misconduct failing to "indicate[] a deliberate lie" or "a pattern of false promises."  *Mukherjee v. INS*, 793 F.2d 1006, 1009 (9th Cir. 1986).

[7] Dkt. 81 at 22:13-18 ("At no point during the extensive discussions with CFPB staff were any questions raised regarding the adequacy or presentation of the origination fee disclosures included in the personal loan application flow on LendingClub's platform.").

1  July 12, 2018) ("Bundy makes no effort to show affirmative misconduct, rather than silence, on

2  behalf of the United States. Thus, his first theory for equitable estoppel must fail.").

3      Finally, as to the second and third omitted elements from this Defense, an injunction

4  prohibiting Defendant from further misrepresentations and ordering it to pay back to consumers

5  the hidden origination fees it took is not a "serious injustice." *Baccei v. United States*, 632 F.3d

6  at 1147.  Similarly, accepting Defendant's defense would hurt the public interest because it

7  would permit Defendant's deceptive conduct to continue and to permit Defendant to keep its

8  unjust gains instead of returning them to victims.

9   **C.  The Judicial Estoppel Defense Fails Because It Does Not Identify Any "Clearly Inconsistent" Positions Taken By the FTC**

10

11      The Court can grant judgment on Defendant's judicial estoppel defense, the **Fourth**

12  **Affirmative Defense**, because Defendant failed to identify, much less demonstrate, any

13  inconsistent positions taken by the FTC.

14      The party to be judicially estopped (1) must have taken a position that is clearly

15  inconsistent with an earlier position; (2) must have succeeded in persuading a court to accept the

16  earlier position; and (3) would derive an unfair advantage or impose unfair detriment on the

17  opposing party if not estopped.  *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The Court

18  previously struck this defense without prejudice because Defendant failed to "allege any similar

19  underlying factual basis for this defense (*i.e.*, the Answer references no prior inconsistent

20  position taken by the FTC as it relates to its claims against LendingClub)." (Dkt. 80 at 10.)

21  Defendant's repleaded defense suffers from the same deficiency.

22      Defendant has not identified any inconsistent positions taken by the FTC.  Defendant

23  generally bases its defense on the allegation that the FTC took the position in *FTC v. AMG*

24  *Services*, No. 2:12-cv-00536 (D. Nev.) "and potentially other cases" that "reasonable consumers

25  understood disclosures of APR and finance charge, including when those disclosures were

26  presented in the Federal Box of a TILA disclosure." (Dkt. 81 at 46.)  First, Defendants do not

27

28      PLAINTIFF'S RULE 12(c) MOTION   Case No. 3:18-cv-02454-JSC

7

identify these "other cases" and do not specify where in the 1,000+ entries of the *AMG* docket the FTC took that position.  That alone is sufficient to grant judgment on the pleadings.

Nor is there any conflict between the FTC's position here and its position in *AMG*.  In both cases, the FTC took the position that defendants engaged in deceptive practices regarding the fees associated with their loans.  But the *AMG* defendants and Defendant here incorporated deception into different parts of their marketing and application process; the fact that the *AMG* defendants were liable for using deceptive TILA disclosures does not mean that the FTC is restricted to bringing deceptive loan practices cases only with similar TILA defects.[8]

Additionally, Defendant has neglected altogether to plead a theory regarding how the FTC would derive an unfair advantage from its purportedly inconsistent positions.

### D.  The Remaining Defenses Are Immaterial

Defendant's **Sixth Affirmative Defense**, that a five year statute of limitations limits the FTC's monetary relief in this case, is immaterial. While the FTC disagrees that a statute of limitations applies, it does not seek monetary remedies for any time period before April 25, 2013, rendering this defense moot.

Defendant's **Seventh Affirmative Defense** is that that monetary relief should be offset by refunds and "other benefits obtained by consumers."  (Docket No. 81 at 47.)  It is undisputed that monetary relief should be offset by refunds given by Defendant.  The balance of the defense, referring to "other benefits" is impermissibly vague.  In any event, the Ninth Circuit's two-step framework for awarding monetary relief in FTC Act matters, whereby the FTC must reasonably approximate consumer harm and the defendant may rebut that calculation, already affords Defendant the opportunity to contest this issue to the extent it is legally cognizable.  This defense, therefore, is immaterial.

Defendant's **Ninth Affirmative Defense**, that the unauthorized charges alleged in Count

---

[8] In any event, as previously explained, Defendant's TILA disclosures here are also non-compliant.  (Dkt. 30 at 10.)

1    III were authorized, is a negative defense, not an affirmative one. It merely restates denials made

2    in the answer. *Barnes*, 718 F. Supp. 2d at 1173; Dkt. 80 at 4.

3                          **CONCLUSION**

4          For the foregoing reasons, the Court should grant the FTC's motion for judgment on the

5    pleadings.

6    Dated:  February 27, 2020            */s/ Jason Schall*

KATHARINE ROLLER
MATTHEW WILSHIRE
LEAH FRAZIER
JASON SCHALL
HELEN CLARK
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone:  (312) 960-5605, (202) 326-2773,
(202) 3262187, 202 326-2251, 202 326-2273
Facsimile:  (202) 326-3768
Email:  kroller@ftc.gov; mwilshire@ftc.gov;
lfrazier@ftc.gov; jschall@ftc.gov; hclark@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S RULE 12(c) MOTION    Case No. 3:18-cv-02454-JSC

**CERTIFICATE OF SERVICE**

I, Jason Schall, certify that on February 27, 2020, I electronically filed the foregoing Plaintiff's Motion for Judgment on the Pleadings via the Court's CM/ECF system.  Notice of this filing will be served to all parties by operation of the Court's electronic filing system

Dated:  February 27, 2020

By: /s/ Jason Schall