UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>v.<br>LENDINGCLUB CORPORATION,<br>Defendant. | Case No. 18-cv-02454-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |

Pending before the Court are the parties' administrative motions to file under seal materials submitted in support of their briefing in support of their respective motions to exclude expert testimony, Plaintiff's motion for summary judgment, LendingClub's cross-motion for partial summary judgment, and Plaintiff's Rule 12(c) motion for judgment on the pleadings. (*See* Dkt. Nos. 137; 140; 145; 146; 201; 211; 215; 218; 221.) Oral argument on all motions is scheduled for April 27, 2020.

**LEGAL STANDARD**

A party seeking to seal a document filed in conjunction with a motion related to the merits of a case must overcome the "strong presumption in favor of public access" to judicial records by meeting the "compelling reasons" standard. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1171, 1178-79 (9th Cir. 2006) (noting that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments"); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098, 1101 (9th Cir. 2016) (noting that the "compelling reasons" test applies "to *most* judicial records," including documents attached to nondispositive motions that are "more than tangentially related to the merits of a case") (internal quotation marks and citation omitted); *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120-21 (9th Cir. 2012) (applying "compelling reasons" standard to *Daubert* motions submitted "in connection with" motions for summary

judgment). The requesting party "must articulate[ ] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (alteration in original) (internal quotation marks and citations omitted). "Compelling reasons" exist when court documents "might have become a vehicle for improper purposes," such as the release of trade secrets and other competitively sensitive business information. *Nixon*, 435 U.S. at 598. It is not sufficient that public disclosure of court records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

A party seeking to seal documents must also comply with the Civil Local Rules, which provide that sealing is appropriate only where the requesting party "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Further, parties must "narrowly tailor" their requests only to the sealable material and redact documents accordingly. Civ. L.R. 79-5(d). The Local Rules also provide that where "the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order," the Designating Party must file within four days of the Submitting Party's motion "a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**DISCUSSION**

As an initial matter, LendingClub asserts that the "compelling reasons" standard does not apply "to attachments to summary judgment motions that are not 'directly relevant to the legal issues that were raised by [the] summary judgment motions or that were resolved by the Court.'" (Dkt. No. 205 at 2 (quoting *G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008)).) LendingClub argues that the Court should instead apply the less stringent "good cause" standard[1] "to documents that the Court does 'not rely

---

[1] "[A] particularized showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions[,]" *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012), that are not "more than tangentially related to the merits of the case," *Ctr. for Auto*

2

on' in resolving summary judgment." (*Id.* at 2-3 (quoting *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *11 (N.D. Cal. June 30, 2015)).) The Court disagrees.

The Ninth Circuit reiterated in *Ctr. for Auto Safety* that the "compelling reasons" standard applies "to *most* judicial records," including documents attached to dispositive motions and documents attached to nondispositive motions that are "more than tangentially related to the merits of a case." *See* 809 F.3d at 1098-01. In other words, the *motion* that the documents are attached to and whether that motion is "more than tangentially related to the merits of the case" dictates whether the "compelling reasons" standard applies. *Id.* at 1099 ("The focus in all of our cases [addressing which standard applies] is on whether the *motion* at issue is more than tangentially related to the underlying cause of action.") (emphasis added). This test makes practical sense because the Court must review every exhibit submitted in support of or in opposition to the parties' cross-motions for summary judgment and related *Daubert* motions, and Plaintiff's motion for judgment on the pleadings. Thus, taking a document-by-document approach and determining whether the Court actually relied on a specific document in adjudicating the underlying motions—each of which is either dispositive (cross-motions for summary judgment and motion for judgment on the pleadings) or "more than tangentially related to the merits of the case" because it is submitted in connection with the motions for summary judgment (*Daubert* motions)—would needlessly complicate the clear standard set forth in *Ctr. for Auto Safety*. *See id.* at 1101 (holding "that public access to filed motions and their attachments" turns "on whether the motion is more than tangentially related to the merits of a case").

The Court recognizes that it, along with other courts in this District, has previously applied the "good cause" standard to documents that "it did not rely on" in adjudicating motions for summary judgment. *See Foote*, 2015 WL 3993147, at *11 (citing *G & C Auto Body Inc.,* 2008 WL 687372, at *3). However, those cases predate *Ctr. for Auto Safety* and LendingClub cites no subsequent cases where a court applied a document-by-document approach to determine the

---

*Safety*, 809 F.3d at 1101.

3

applicable legal standard. Thus, the Court must apply the "compelling reasons" standard to all documents submitted in conjunction with the underlying motions.

The FTC filed a reply in support of its motions to seal, (Dkt. Nos. 145 & 146), asserting that the Court should unseal the documents at issue in those motions with the exception of redactions to "protect consumers' sensitive personal information," (Dkt. No. 200 at 2). The FTC argued that LendingClub failed to meet the "compelling reasons" standard for material that LendingClub designated as confidential pursuant to the stipulated protective order in this case and sought to maintain under seal for purposes of the underlying motions. (*Id.*)

LendingClub filed a sur-reply in response on March 17, 2020, asserting that it applied the "good cause" standard "because it is referenced in the Court's Civil Standing Order,"[2] and the FTC cited the standard in its proposed order[3] in support sealing. (Dkt. No. 205 at 2.) LendingClub further argues that "the desire to protect competitively sensitive information is the primary reason that LendingClub requested the Court to seal all or part of certain of its internal documents and operational data." (*Id.* at 3.) LendingClub asserts that because such information has been protected under the "compelling reasons" standard, "there is little if any difference between the 'good cause' standard and the 'compelling reasons' standard— under either standard the reason LendingClub asked the Court to seal the documents is recognized and protecting the documents from disclosure is warranted." (*Id.* at 3-4.) LendingClub further requests an

---

[2] The undersigned's Civil Standing Order provides, in pertinent part: "Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal." *See* Civil Standing Order of Magistrate Judge Jacqueline Scott Corley at 3; available at https://www.cand.uscourts.gov/wp-content/uploads/judges/corley-jsc/JSC-Standing-Order-3.7.19.pdf. The Court's Civil Standing Order makes no mention of material submitted in connection with dispositive motions such as those at issue here, nor does it override Ninth Circuit caselaw governing the appropriate legal standard for sealing such material. *See Ctr. for Auto Safety*, 809 F.3d at 1101.

[3] LendingClub is wrong. The FTC's proposed order does not cite "good cause" as the standard governing its motions to file under seal. The proposed order for Docket No. 145 merely includes boilerplate language parties sometimes include in proposed orders: "Having considered the FTC's Administrative Motion, . . . and good cause appearing therefore; IT IS HEREBY ORDERED . . . ." (Dkt. No. 145-1 at 7.) Indeed, the proposed order for LendingClub's motion for partial summary judgment includes similar language. (*See* Dkt. No. 144 at 2: "Good cause appearing, IT IS SO ORDERED . . . .").)

4

1 opportunity to cure any deficiencies in its motions to seal "[should the Court have any concerns

2 about the adequacy of the support given for LendingClub's confidentiality designations." (*See*

3 Dkt. No. 205 at 5.) LendingClub proposes:

> In light of the volume of exhibits involved, LendingClub respectfully submits that one efficient way to address this issue would be for the Court to provisionally accept LendingClub's designations with the understanding that the parties will later revisit the designations (and/or the support therefor, as needed) for materials that form the basis of the Court's decisions. A process along these lines would ensure that all materials in which the public has a heightened interest will be closely reviewed and considered without imposing any unnecessary burdens on the Court or the parties during a time of intense motions practice and trial preparation.

10 (*Id.* at 5-6.) However, the Court cannot "provisionally accept" LendingClub's designations for

11 purposes of ruling on the underlying cross-motions for summary judgment, *Daubert* motions, and

12 Plaintiff's Rule 12(c) motion, because doing so is improper under the Civil Local Rules. Local

13 Rule 79-5(f) provides that if a motion to seal is denied in its entirety or in part, the material

14 "sought to be sealed will not be considered by the Court unless the Submitting Party files an

15 unredacted version of the document," or a "revised redacted version of the document . . . within 7

16 days after the motion is denied." Civ. L.R. 79-5(f)(2),(3). In other words, the Court's rulings on

17 the administrative motions to seal dictate what material it will consider in adjudicating the

18 underlying motions.

19 An initial review of LendingClub's pre-March 17 declarations in support of sealing fail to

20 meet the stringent "compelling reasons" standard. (*See* Dkt. Nos. 137-1; 140-1; 198-1; 201-1.)

21 The declarations instead contain largely blanket assertions that the information sought to be sealed

22 would expose LendingClub to competitive harm, without detailing why the material constitutes

23 competitively sensitive business information. And although some of LendingClub's declarations

24 in support of sealing filed subsequent to its March 17 sur-reply are more detailed, (s*ee* Dkt. Nos.

25 218-1 & 231-1), LendingClub still asserts that the "good cause" standard applies, (*see* Dkt. No.

26 231 at 5), and addresses the "compelling reasons" standard only in a footnote, (*see id.* at 5 n.1).

27 Because LendingClub maintains that the wrong legal standard applies, the Court declines to

28 engage in a line-by-line, document-by-document review of LendingClub's existing declarations in

support of sealing to determine whether the declarations satisfy the "compelling reasons" standard.

**CONCLUSION**

On or before April 21, 2020, Lending Club shall submit supplemental declarations in light of the application of the "compelling reasons" standard. Given the more stringent standard, the Court expects that LendingClub will be more parsimonious in the designations it seeks to defend. To the extent a supplemental declaration revises the proposed redactions in LendingClub's briefing on the underlying motions, LendingClub must submit new unredacted and redacted versions of the briefing that correspond to Lending Club's revised position.[4]

**IT IS SO ORDERED.**

Dated: April 14, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[4] As with LendingClub's previous submissions, to facilitate review the unredacted briefing should highlight the portions LendingClub seeks to file under seal.