UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LENDING CLUB CORPORATION,<br><br>Defendant. | Case No. 18-cv-02454-JSC<br><br>**ORDER RE DEFENDANT'S MOTION TO STAY**<br><br>Re: Dkt. No. 311 |

Lending Club Corporation moves to stay the case pending the United States Supreme Court's decision in the consolidated cases *F.T.C. v. Credit Bureau Ctr.*, *see* 2020 WL 3865251 at *1 (U.S. July 9, 2020) (granting certiorari), and *AMG Capital Mgmt., LLC v. F.T.C.*, 2020 WL 3865250, at *1 (U.S. July 9, 2020) (granting certiorari). (*See* Dkt. No. 311.) After carefully considering the parties' written submissions, and having had the benefit of oral argument on August 20, 2020, the Court GRANTS LendingClub's motion to stay.

**DISCUSSION**

The FTC brings this action under Section 13(b) of the FTC Act. (Dkt. No. 57 at ¶ 1.) Section 13(b) provides "[t]hat in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction." 15 U.S.C. § 53(b). The Ninth Circuit has held that this provision affords federal courts broad discretion when fashioning remedies for the Act's violations, and it not limited solely to the power to issue an injunction. *See F.T.C. v. Pantron I Corp.*, 33 F.3d 1088, 1102 (9th Cir. 1994); *see also F.T.C. v. H. N. Singer, Inc.*, 668 F.2d 1107, 1113 (9th Cir. 1982) (holding that courts are empowered under Section 13(b) to order restitution, or "any ancillary relief necessary to accomplish complete justice").

LendingClub argues *Credit Bureau* and *AMG Capital* endanger this authority. The Seventh Circuit in *Credit Bureau* overturned circuit precedent and held that "section 13(b)'s

permanent-injunction provision does not authorize monetary relief." *Fed. Trade Comm'n v. Credit Bureau Ctr., LLC*, 937 F.3d 764, 786 (7th Cir. 2019), *cert. granted sub nom. F.T.C. v. Credit Bureau Ctr.*, No. 19-825, 2020 WL 3865251 (U.S. July 9, 2020), *and cert. denied sub nom. Credit Bureau Ctr. v. F.T.C.*, No. 19-914, 2020 WL 3865255 (U.S. July 9, 2020). In *AMG Capital*, a three-judge panel on the Ninth Circuit was "bound by [its] prior interpretation of § 13(b)" that authorized district courts to award equitable monetary relief, but stated that the argument Section 13(b) does not authorize non-injunctive relief "had force."[1] *Fed. Trade Comm'n v. AMG Capital Mgmt., LLC*, 910 F.3d 417, 427 (9th Cir. 2018), *cert. granted sub nom. AMG Capital Mgmt., LLC v. F.T.C.*, No. 19-508, 2020 WL 3865250 (U.S. July 9, 2020). Because the Supreme Court in *AMG Capital* and *Credit Bureau* is poised to address "an issue of enormous consequence to this case[,] whether § 13(b) of the FTC Act authorizes the FTC to seek monetary relief at all," LendingClub contends a stay is warranted. (Dkt. No. 311 at 15.)

## I.   Legal Framework

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the following: "the possible damage which may result from the granting of a stay; the hardship or inequity which a party may suffer in being required to go forward; and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-255).

A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Under *Landis*, "[a] party seeking a stay need make such a showing [of hardship and inequity] only if the party opposing the stay first demonstrates that there is a 'fair possibility' that a stay will

---

[1] Concurring panelists were unequivocal: "[T]he text and structure of [§ 13(b)] unambiguously foreclose such monetary relief, [and] our invention of this power wrests from Congress its authority to create rights and remedies." *Id.* at 429 (O'Scannlain, J., specially concurring).

cause it injury." *Meras Eng'g, Inc. v. CH2O, Inc.*, No. C-11-0389 EMC, 2013 WL 146341, at *4 (N.D. Cal. Jan. 14, 2013) (internal quotation and citation omitted); *see also Dependable Highway*, 498 F.3d at 1066 ("[I]f there is even a fair possibility that the stay . . . will work damage to someone else [] the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'") (quoting *Landis*, 299 U.S. at 255.) Fundamentally, "[t]he proponent of a stay has the burden of proving such a discretionary stay is justified." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

For the reasons below, the Court finds that LendingClub has met its burden in showing a stay is justified.

### A. Possibility of Injury to Plaintiff

Regarding any potential injury or prejudice the plaintiff may suffer, the FTC argues that staying this case presents evidentiary concerns: namely that a stay risks the inability of witnesses to recall specific facts, and that LendingClub may continue to lose or terminate employees relevant to the action. This argument lacks force. Even taking the FTC's contention that the risk of employees' unavailability is not speculative—given that, for instance, LendingClub's former president left the company in May—this alone is insufficient to demonstrate a fair possibility of harm given that discovery has closed. *See Larson v. Trans Union, LLC,* No. 12-CV-05726-WHO, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015) (holding that where "many key witnesses have already been deposed [and where] their memories can be refreshed at trial by their deposition transcripts," or where unavailable witnesses can have "deposition testimony [] read into the record" that plaintiff would not be "materially harmed" by a stay). The FTC's argument that the length of the stay is prejudicial is further belied by the event that necessitates it: the Supreme Court's decision in *AMG Capital* and *Credit Bureau* is not a "speculative future event involving multiple contingencies[;]" certiorari has been granted, and "the only event that the [parties] and the Court are waiting for is the decision itself." *Robledo v. Randstad US, L.P.*, No. 17-CV-01003-BLF, 2017 WL 4934205, at *3 (N.D. Cal. Nov. 1, 2017); *see also Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015) ("The possible prejudice to Plaintiff that will result from a stay is minimal, as the [relevant] decision will likely

3

be issued within a year per the Supreme Court's customary practice.")

Furthermore, LendingClub has ceased virtually all of the conduct at issue in this case. (Dkt. No. 311 at 16.) Therefore, the only issue remaining is the FTC's recovery of restitution, and "the Ninth Circuit has made clear that monetary recovery cannot serve as the foundation for the denial of a stay." *Robledo*, 2017 WL 4934205, at *3 (N.D. Cal. Nov. 1, 2017) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). LendingClub's contrary argument that the issue of monetary relief will not arise unless liability is resolved, and that—*even if* the Supreme Court finds that Section 13(b) does not permit the recovery of monetary relief—a decision in *AMG Capital* and *Capital Bureau* will not affect the ability of this Court to determine whether LendingClub is liable for claims of injunctive relief does not persuasively establish that a stay pending a decision in these cases would prejudice the FTC.

### B. Possible Hardship and Inequity

Even if LendingClub demonstrated a showing of possible injury, the Court finds that LendingClub has made a showing of hardship and inequity that would be caused by the denial of a stay. *See Meras*, 2013 WL 146341, at *5 (where plaintiffs "made out a fair possibility that they would be harmed by the stay," defendants were then required to demonstrate a "clear case of hardship or inequity that they would suffer absent the stay.") (internal quotations and citations omitted).

Going forward with trial would needlessly burden LendingClub to put on a trial defense only to possibly have the entire enterprise mooted by the FTC's inability to seek any monetary relief under Section 13(b). The FTC's citation to *Lockyer*, 398 F.3d at 1112, for the proposition that "being required to defend without more" does not sufficiently demonstrate the "hardship or inequity" that *Landis* requires is unpersuasive.[2] At stake is not only the mounting of

---

[2] The cases the FTC cites in support of this proposition are distinguishable as well. *See Levin v. Caviar, Inc.*, 1146, 1156 (N.D. Cal. 2015) (denying stay because defendant was seeking a stay on the basis of an *issued* appellate decision where there was only the *possibility* of an en banc hearing, which was "not sufficient grounds on which to defer ruling on [the current] issue") (emphasis added); *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306-EDL, 2018 WL 3241069, at *5 (N.D. Cal. July 2, 2018) (denying stay because the "expense of further litigation" alone does not demonstrate a hardship, "particularly where . . . *significant* portions of the dispute [would] be unaffected by the outcome of the FCC and Ninth Circuit proceeding") (emphasis

4

LendingClub's defense, but the viability of the remedy motivating the case. This reveals another way in which trying this case before the Supreme Court's decision in *AMG Capital* and *Credit Bureau* would impose a hardship and inequity on LendingClub: exposing LendingClub to the risk of a monetary judgment when the ability of the FTC to collect such a judgment at all is pending review—and could be rendered moot by the Supreme Court—is fundamentally inequitable. *See Robledo*, 2017 WL 4934205, at *4 (finding a hardship where defendant would be required to defend itself and undergo discovery that "could be rendered moot" by Supreme Court decision reversing circuit precedent). In fact, many cases emphasize the expenditure of party and judicial resources as grounds *for* granting a stay. *See, e.g.*, *Larroque v. First Advantage Lns Screening Sols., Inc.,* No. 15-CV-04684-JSC, 2016 WL 39787, at *2 (N.D. Cal. Jan. 4, 2016) ("unnecessar[y] expend[iture]" of "[j]udicial resources" pending the outcome of relevant Supreme Court decision [*Spokeo*] supported decision to stay); *Ramirez*, 2015 WL 6159942, at *2 ("Defendant faces the risk of unnecessary proceedings and expenses if the case is not stayed."); *Robledo*, 2017 WL 4934205, at *4 ("Denying the stay at this juncture risks forcing the parties to expend resources that could have been avoided."); *Larson*, 2015 WL 3945052, at *8 ("[I]f the case is not stayed, the Court [and] the parties . . . would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary."); *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-CV-00923-BLF, 2016 WL 4440245, at *2 (N.D. Cal. Aug. 23, 2016) ("Recognizing the potential burden for both parties, the Court finds that the potential hardship from denying the stay weighs slightly in favor of granting it.").

Furthermore, where the question presented before the Supreme Court is "squarely implicated" in a case, a stay is warranted. *See Larson*, 2015 WL 3945052, at *8. While the FTC

---

added); *Dalchau v. Fastaff, LLC*, No. 17-CV-01584-WHO, 2018 WL 1709925, at *5 (N.D. Cal. Apr. 9, 2018) ("Fastaff essentially points to nothing other than defense of this suit to demonstrate a hardship or inequity."); *Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.*, No. C-09-00882 RMW, 2009 WL 5108578, at *2 (N.D. Cal. Dec. 18, 2009) ("The only hardship or inequity that TRT USA alleges would result from denying the stay is that TRT USA would have to continue to litigate this proceeding."); *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1102 (N.D. Cal. 2016) (denying stay where "issues in [the] case must still be determined regardless of" relevant D.C. Circuit ruling at the *motion to dismiss* stage, and noting that "judicial economy [was] not served by granting a stay.") (emphasis added).

observes that several cases LendingClub cites concern dispositive jurisdictional issues, these cases do not *limit* the ability of the Court to issue a stay to jurisdictional issues. *See, e.g., McElrath v. Uber Techs., Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017) (issuing stay and emphasizing the "significant[] impact" relevant Supreme Court decision would have on instant case); *Ramirez*, WL 6159942, at *2 (emphasizing "potential impact" of relevant Supreme Court case when issuing stay). Given that *AMG Capital* and *Credit Bureau* could categorically foreclose the FTC from claiming any monetary remedy *at all* under Section 13(b), these cases are squarely implicated in and strongly support the issuance of a stay.

Accordingly, LendingClub has made a showing that it would suffer hardship and inequity absent the granting of a stay.

### C. Orderly Course of Justice

The third *Landis* factor "considers whether granting a stay will simplify or complicate the issues before the Court." *Robledo*, 2017 WL 4934205, at *4. Where a Supreme Court decision is "squarely on point, the orderly course of justice [under *Landis*] likewise weighs in favor of a stay." *Larroque*, 2016 WL 39787, at *2. Because the ability of the FTC to recover any monetary relief under Section 13(b) at all is squarely on point to this case, granting a stay would conserve judicial resources and promote the orderly course of justice. If the Supreme Court follows the Seventh Circuit and the concurring Ninth Circuit panelists then the case will be greatly simplified as no monetary relief will be at issue. Given that the FTC does not claim that LendingClub's current practices are deceptive, the elimination of monetary relief will likely facilitate a negotiated resolution.

The complications imposed by the ongoing COVID-19 pandemic further support granting the motion to stay. It is unlikely that the trial can proceed in person in October; thus, if no stay is granted the Court will have to wade through the thorny issues of whether it can require a party to virtually try a case and whether, even if it can, whether it should in light of the amount of money the FTC seeks. This complication is avoided (or at least potentially avoided) by staying the case pending issuance of a Supreme Court decision which is squarely relevant to the outcome of this case.

6

**CONCLUSION**

As explained above, all the *Landis* factors support the issuance of a stay. Accordingly, LendingClub's motion to stay all proceedings in this case until the Supreme Court issues its decision in *AMG Capital* and *Credit Bureau* is GRANTED.

This disposes of Dkt. No. 311.

**IT IS SO ORDERED.**

Dated: August 20, 2020

*[signature]*

JACQUELINE SCOTT CORLEY
United States Magistrate Judge