UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LENDINGCLUB CORPORATION,<br><br>d/b/a Lending Club,<br><br>Defendant. | Case No. 3:18-cv-02454<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for a permanent injunction, and other equitable relief in this matter, subsequently amended as the First Amended Complaint (ECF No. 57) ("Complaint"), seeking a permanent injunction and other equitable relief pursuant to pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45. The Complaint seeks both permanent injunctive relief and equitable monetary relief for the Defendant's alleged deceptive or unfair acts or practices as alleged therein.

STIPULATED ORDER FOR PERMANENT
INJUNCTION AND JUDGMENT

Case No. 3:18-cv-02454-JSC

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Bank**" shall mean a bank that is exempt from the FTC's jurisdiction pursuant to Section 5(a)(2) of the FTC Act, 15 U.S.C. § 45(a)(2), including LendingClub Bank, National Association. "**Bank**" shall not include any Person or entity controlled directly or indirectly by a bank that is not itself a bank, such as an operating subsidiary or affiliate of a bank that is not itself a bank.

B. "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

STIPULATED ORDER FOR PERMANENT                Case No. 3:18-cv-02454-JSC
INJUNCTION AND JUDGMENT
2

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.
4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.
5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.
6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.
7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.
8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C. "**Defendant**" means LendingClub Corporation and its successors or assigns by whatever names they might be known, but not including any Bank.

**ORDER**

**I.   CLAIMS PROHIBITIONS**

**IT IS ORDERED** that Defendant, Defendant's officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, distributing, or offering any extension of credit, are permanently restrained and enjoined from:

A. Misrepresenting, expressly or by implication:
  1. The existence or amount of any fees or charges;
  2. The amount of funds that will be disbursed into consumers' accounts;

      3.    The status of any application for the extension of credit, including whether consumers' applications have received final approval, investor backing has been obtained, or consumers will receive credit;

      4.    That consumers will receive their funds within a specified time frame;

      5.    Any other material fact concerning any extension of credit; or

B.    Making any representation, expressly or by implication, regarding a specific loan amount prior to accepting a loan application, without disclosing, Clearly and Conspicuously and in close proximity to that representation:

      1.    The dollar amount of any prepaid, up-front, or origination fee, whether financed or paid in cash, or any fee imposed as a mandatory condition of the extension or issuance of credit, whether financed or paid in cash; and

      2.    The total amount of funds that would be disbursed to the consumer or on the consumer's behalf. *Provided however*, if the amount the consumer receives cannot be determined, Defendant shall Clearly and Conspicuously disclose a reasonable estimate of the amount the consumer will receive.

## II.    MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of $18,000,000.00 is entered in favor of the Commission against Defendant as equitable monetary relief.

B.    Defendant is ordered to pay to the Commission $18,000,000.00. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission; *provided that*, representatives of the Commission, in their discretion, may confer with Defendant and give written permission to Defendant to allow a portion of the judgment amount to be repaid directly to current consumers of Defendant, in the form of refunds or credits to those consumers' accounts.

C.  Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F.  Defendant acknowledges that its Taxpayer Identification Number (Employer Identification Number), which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

G.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

### III.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and

STIPULATED ORDER FOR PERMANENT
INJUNCTION AND JUDGMENT

Case No. 3:18-cv-02454-JSC

enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, to the extent the information is in Defendant's possession and reasonably accessible, in the form prescribed by the Commission, within 14 days.

### IV. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

1. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

2. For 10 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who manage or determine policies, procedures, or practices relating to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

3. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

### V. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

1. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must: (a) identify the primary

STIPULATED ORDER FOR PERMANENT INJUNCTION AND JUDGMENT            Case No. 3:18-cv-02454-JSC

6

physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment (or documents showing electronic Order Acknowledgment) obtained pursuant to this Order, unless previously submitted to the Commission.

2.  For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

3.  Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

4.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

STIPULATED ORDER FOR PERMANENT                            Case No. 3:18-cv-02454-JSC
INJUNCTION AND JUDGMENT

5. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. LendingClub Corporation.

## VI.  RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 5 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant in connection with promoting or offering any extension of credit must create and retain the following records:

1. Accounting records showing the revenues from all goods or services sold;
2. Personnel records showing, for each employee providing services, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;
3. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and
4. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order:

1. Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court,

using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

2. For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

3. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this \_\_19th\_\_ day of \_\_July\_\_, 20\_21\_

GRANTED
Judge Jacqueline Scott Corley
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SO STIPULATED AND AGREED:

FOR PLAINTIFF FEDERAL TRADE COMMISSION:

_____    Date: 7/14/21
Katharine Roller, Attorney
Federal Trade Commission

STIPULATED ORDER FOR PERMANENT            Case No. 3:18-cv-02454-JSC
INJUNCTION AND JUDGMENT

230 S. Dearborn Street
Room 3030
Chicago, IL 60604
312-960-5605
kroller@ftc.gov

**FOR DEFENDANT LENDINGCLUB CORPORATION:**

*[signature]* Date: 7/5/2021

M. Sean Royall
Richard H. Cunningham
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
sean.royall@kirkland.com
rich.cunningham@kirkland.com
(202) 389-3119

COUNSEL for LendingClub Corporation

*Brandon Pace* Date: 7/5/2021

BRANDON PACE AS AN OFFICER OF
LendingClub Corporation

STIPULATED ORDER FOR PERMANENT   Case No. 3:18-cv-02454-JSC
INJUNCTION AND JUDGMENT